**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4691**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTONIO CUNNINGHAM,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:23-cr-00028-JPB-JPM-1)

Submitted: June 13, 2024                        Decided: June 17, 2024

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Shaina L. Richardson, STEPTOE & JOHNSON PLLC, Morgantown, West Virginia, for Appellant. Carly Cordaro Nogay, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Cunningham pled guilty, pursuant to a written plea agreement, to distributing cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Cunningham's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Cunningham received ineffective assistance of counsel, whether Cunningham's appeal waiver is valid, and whether the district court erred in sentencing Cunningham as a career offender. Cunningham has not filed a pro se supplemental brief after being advised of his right to do so.

The Government has filed a motion to dismiss the appeal on the ground that Cunningham's appeal is barred by the appeal waiver included in the plea agreement. We review de novo the validity of an appeal waiver. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *Id.* To determine whether a waiver is knowing and intelligent, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that

the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Cunningham knowingly and voluntarily waived his right to appeal and that his challenge to his sentence falls squarely within the scope of the appellate waiver. While counsel questions if Cunningham received ineffective assistance of counsel, such claims are generally not cognizable on direct appeal—and instead must be reserved for a 28 U.S.C. § 2255 motion—unless the "attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). The record here does not conclusively show that counsel provided ineffective assistance.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal that fall outside the scope of the appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the district court's judgment. This court requires that counsel inform Cunningham, in writing, of the right to petition the Supreme Court of the United States for further review. If Cunningham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cunningham.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*